AT

## DES MOINES, JUNE TERM, A. D. 1887,

IN THE FORTY-FIRST YEAR OF THE STATE.

---

PRESENT:

Hon. AUSTIN ADAMS, Chief Justice.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,
" JAMES H. ROTHROCK, } Judges.
" JOSEPH M. BECK.

---

## Hynds v. Wynn et al.

1. **Garnishment:** DETENTION OF EXEMPT PROPERTY: LIABILITY. Plaintiff, who was a judgment debtor of W., had delivered to a railway company for shipment certain household goods which were exempt from execution. W. caused the railway company to be garnished as the supposed debtor of plaintiff, wherefore the company, as required by the the notice of garnishment, did not ship the goods. Neither the company nor the officer who held the execution knew that the goods were exempt, but as soon as the officer learned that they were exempt he released them from the levy and notified the company thereof, when the goods were forwarded to their destination. *Held* that the delay of the goods was no ground of recovery against either W., the officer, or the railway company.

Vol. LXXI—38

*Appeal from Cedar Rapids Superior Court.*

TUESDAY, JUNE 7.

THE plaintiff claims damages of the defendant for wrongfully detaining certain goods and chattels from his possession. He claims that said property consisted of certain household goods which were exempt from execution, and that he delivered the same to the defendant, the Chicago, Milwaukee & St. Paul Railroad Company, at Cedar Rapids, Iowa, to be shipped to Oskaloosa, in this state, and that, while in possession of the railroad company, a conspiracy was entered into between said company and the other defendants, by which the railroad company held said goods for some sixteen days, to the great damage of the plaintiff. There was a trial by the court, and a judgment for the defendants. Plaintiff appeals.

*Geo. W. Wilson,* for appellant.

*Mills & Keeler,* for appellees.

ROTHROCK, J. The court, at the request of the parties, made the following findings of fact and conclusions of law: "*First.* The defendant Geo. W. Wynn recovered a judgment, January 12, 1878, against plaintiff herein, before a justice of the peace in Linn county, Iowa. The defendant Wynn caused execution to issue on said judgment, and placed same in hands of the defendant herein, Jos. Renchin, as constable, who levied same by serving a notice of garnishment on the defendant herein the C., M. & St. P. R'y Co., a supposed creditor of E. Hynds, and required the garnishee to answer on or before January 15, 1886. The notice of garnishment was in the usual form, and required garnishee to retain possession of all property of said defendant, now or hereafter being in custody, or under its control, in order that the same might be dealt with according to law. The defendant Hynds was at the time a married man, and the

head of a family, resident in Iowa, and owned these certain household goods mentioned in his petition, which were exempt from execution, and which are of the value of about $125, and which Hynds delivered to the defendant railway company about December 30, 1885, to be transported over its line to Oskaloosa, and then to be delivered to a connecting line *en route* to destination. The railroad company had knowledge of the character of the goods, but not of the fact that they were either claimed to be, or were in fact, at the time of shipment or notice of garnishment, exempt from execution. It does not appear that Renchin, the constable, nor the plaintiff in execution, Wynn, had actual knowledge that said household goods were exempt from execution, nor what precise property the garnishee had in possession at date of garnishment. In obedience to said notice of garnishment, the defendant railway company held possession of said property until about January 16th, at which time, or a day prior thereto, the plaintiff, Hynds, notified the constable that the property was exempt from execution, and thereupon the defendant railway company, within a reasonable time thereafter, on notice of such claim of exemption by Hynds, and release from levy by the constable, sent this property forward to destination. The property was detained under said proceedings about sixteen days, and under the evidence Hynds suffered nominal damages in consequence of such detention. The plaintiff, Hynds, seeks in this action to recover of each and all of the defendants his damages for such detention. On such state of facts above recited, the court finds, as a conclusion of law, that the plaintiff is not entitled to recover."

The findings of the court are fully sustained by the evidence, and the mere casual reading of the findings is sufficient to show that the plaintiff has no cause of action. The goods were not unreasonably detained by the railroad company, nor by the other defendants, after notice that they were exempt from execution. We must decline to follow the

plaintiff's counsel through his argument. We have been required to read the sixty-five pages of his abstract and argument, and find that the appeal is not only without merit, but that there is not even a plausible excuse for burdening this court with its consideration.                              AFFIRMED.